IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

S.H., a minor child, §
by next friends A.H. and E.H., §
 §
    Plaintiffs, §
 §
v. § Case No. 4:08-CV-96
 §
PLANO INDEPENDENT §
SCHOOL DISTRICT, §
 §
    Defendant. §

## ORDER DENYING MOTIONS TO PRESENT ADDITIONAL EVIDENCE

The following are pending before the court:

1. Plaintiffs' notice of expert disclosures to Defendant (docket entry #18);

2. Defendant's objections and motion to exclude Plaintiffs' experts (docket entry #23);

3. Plaintiffs' response to Defendant's objections and motion to exclude Plaintiffs' experts and Plaintiffs' motion for sanctions (docket entry #24); and

4. Response in opposition to Plaintiffs' motion for sanctions (docket entry #25).

---

1. Defendant's designation of expert witnesses (docket entry #21);

---

1. Plaintiffs'/Cross-Defendants' motion to present additional evidence and brief in support (docket entry #26);

2. Response in opposition to Plaintiffs' motion for additional evidence (docket entry #27).

Having considered the above-referenced motions and expert designations, the court finds that no

additional evidence shall be admitted.

This case is brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). The dispute herein centers on whether the Plano Independent School District provided S.H. with a free, appropriate public education ("FAPE") as required by the IDEA during the years 2006-2007. On September 8, 2008, the court signed a scheduling order. Pursuant to the scheduling order, the parties were ordered to file motions to introduce evidence in addition to the administrative record by December 1, 2008. Further, the Plaintiffs were ordered to designate their expert witnesses by September 30, 2008, and the Defendant was ordered to designate its expert witnesses by October 15, 2008.

In accordance with the scheduling order, the parties filed their expert witness designations. In their notice, the Plaintiffs identified Gail Wayman, Dr. Marsha Guernsey and Dr. Bill Robb as expert witnesses. In its notice, the Defendant identified Tammy Lynn Cline as an expert witness.

Thereafter, the Plaintiffs filed their motion to present additional evidence. The Plaintiffs identified Plaintiffs A.H. and E.H. (the parents of S.H.), Gail Wayman, Dr. Marsha Guernsey and Dr. Bill Robb. Gail Wayman is the Director of the Wayman Learning Center in Plano, Texas. Drs. Guernsey and Robb are associated with the Newfound School in Carrollton, Texas. In their motion to present additional evidence, the Plaintiffs assert that A.H., E.H., Ms. Wayman, and Drs. Guernsey and Robb's testimony is necessary and material to the case to show that S.H. made substantially greater progress in all areas of development after he left the Plano Independent School District, an indication that the Plano Independent School District did not provide S.H. a free, appropriate public education while he was enrolled there. The Defendant opposes the Plaintiffs' request to offer this additional evidence.

In any action brought under the IDEA, the court shall receive the records of the administrative proceedings, hear additional evidence at the request of a party and, basing its decision on the preponderance of the evidence, grant such relief as the court determines is appropriate. 20 U.S.C. §1415(i)(2)(C). "Although the statute states that the [c]ourt shall hear additional evidence at the request of the parties, several circuits have held that limits exist to the extent of additional evidence that a party may submit to the reviewing court under this 'additional evidence' provision." *Marc V. v North East Independent School Dist.*, 455 F.Supp.2d 577, 587 (W.D. Tex. 2006), *aff'd*, 242 Fed. Appx. 271 (5th Cir. 2007).

The Fifth Circuit has not yet addressed the scope of the IDEA's additional evidence provision. However, the Fifth Circuit affirmed the district court's holdings in *Marc V., supra*. Accordingly, this court, too, shall follow the reasoning of the *Marc V.* court. The court in *Marc V.* analyzed the additional evidence provision as follows:

> In *Town of Burlington v. Department of Education for the Commonwealth of Massachusetts*, the First Circuit discussed the limitations of the IDEA's "additional evidence" provision. 736 F.2d 773, 790 (1st Cir. 1984). The court construed the term "additional" in the ordinary sense of the word, to mean "supplemental." *Id*. "Thus, construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Id*. . . .
>
> Although the *Burlington* court declined to adopt a rigid rule precluding the testimony of all who did, or could have, testified at the administrative hearing, it noted that exclusion would be the proper result in the majority of the cases. . . . "The determination of what is additional evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293, 1298 (11th Cir. 2000) (quoting *Town of Burlington*, 736 F.2d at 791).

*Marc V.*, 455 F.Supp.2d at 587.

The additional evidence the Plaintiffs seek to admit concerns S.H.'s progress ***after*** he left the

-3-

Plano Independent School District. In *Marc V.*, the court addressed the Eighth Circuit opinion of *West Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006) as follows:

> The additional evidence that the District attempted to provide related to the progress and status of L.W. subsequent to the administrative hearing. The district court concluded that the District failed to provide a solid justification for supplementing the administrative record. Considering the vast and detailed administrative record that was compiled, together with the fact that we normally determine these issues based solely on the administrative record, we conclude that the district court did not abuse its discretion in denying the District's request to supplement the record.

*Marc V.*, 455 F.Supp.2d at 588. This discussion is dispositive of the issue now before the court. The Plaintiffs have not provided the court with solid justification for supplementing the existing record with evidence regarding S.H.'s progress after he left the Plano Independent School District. It is not necessary for the court to consider such evidence to determine if the Plano Independent School District provided S.H. a free, appropriate public education while S.H. attended the Plano Independent School District in 2006-2007. *See id*. at 590. Accordingly, the Plaintiffs' motion to present additional evidence is denied.

The Defendant seeks to present the additional evidence of Ms. Cline. In her report, Ms. Cline indicates that she will be offering expert testimony regarding the Admission, Review, and Dismissal ("ARD") Committee meetings held on May 16, 2006 and August 25, 2006 as well as the appropriateness of the Defendant's Individual Education Plan ("IEP") for S.H. The court notes, however, that the Defendant did not file a motion to present additional evidence as required by item (3)(a) and (b) of the scheduling order. Accordingly, the Defendant shall not be permitted to offer any additional evidence.

Since the parties' requests to present additional evidence have been denied, it is not necessary for the court to address the merits of the Defendant's objections and motion to exclude the Plaintiffs'

experts. The court notes that the Plaintiffs, in their response to the Defendant's objections and motion to exclude experts, moved for sanctions against the Defendant. Having reviewed the motion for sanctions and the response in opposition thereto, the court finds that the motion should be denied.

Based on the foregoing, the court finds as follows:

1. Defendant's objections and motion to exclude Plaintiffs' experts (docket entry #23) is **DENIED AS MOOT**;

2. Plaintiffs' motion for sanctions (docket entry #24) is **DENIED**; and

3. Plaintiffs'/Cross-Defendants' motion to present additional evidence (docket entry #26) is **DENIED**.

The additional evidence hearing scheduled for April 15, 2009 at 10:00 a.m. at the United States Courthouse in Plano, Texas is **CANCELLED**.

IT IS SO ORDERED.

**SIGNED this the 27th day of February, 2009.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE