IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| S.H., a minor child, | § | |
| by next friends A.H. and E.H., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:08-CV-96 |
| | § | |
| PLANO INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MEMORANDUM REGARDING REIMBURSEMENT OF REASONABLE ATTORNEY'S FEES AND COSTS

The following are pending before the court:

1. Plaintiff's memorandum regarding reimbursement of reasonable attorney's fees and costs (docket entry #53);

2. Plano Independent School District's response in opposition to Plaintiffs' motion for attorneys' fees (docket entry #54);

3. Plaintiff's reply to Plano Independent School District's response in opposition to Plaintiff's motion for attorney's fees (docket entry #57); and

4. Plano Independent School District's sur-reply to S.H.'s reply to its response to Plaintiffs' motion for attorneys' fees (docket entry #58).

Having considered the Plaintiffs' motion and the responsive briefing thereto, the court finds that the motion should be denied.

On March 31, 2010, the court entered a memorandum opinion and order finding that the Plaintiffs met the requirements of prevailing parties with respect to the claims on which they were successful. The court limited the Plaintiffs' recovery of their attorneys' fees and costs to those

-1-

incurred in the preparation of the issues upon which the Plaintiffs were successful at the due process hearing and the instant lawsuit.

As noted in the court's March 31, 2010 memorandum opinion and order, after the due process hearing, the Special Education Hearing Officer awarded the Plaintiffs compensatory relief in the amount of 315 hours at $65.00 per hour ($20,475.00). The court, however, reduced the Special Education Hearing Officer's award to 225 hours at $65.00 per hour ($14,625.00).

The issue of the Plaintiffs' attorneys' fees and costs is now before the court. In an action brought under the IDEA, the court may, in its discretion, award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The Fifth Circuit "has specifically held that in IDEA cases, a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (citation omitted). "[A] litigant must attain some judicial imprimatur on a material alteration of the legal relationship in order to be a prevailing party." *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009).

At the time the court determined that the Plaintiffs were prevailing parties, the court was not aware of the existence of a settlement offer.[1] Apparently, the Defendant made an offer of settlement

---

[1] In the Defendant's response to the Plaintiffs' motion for summary judgment (docket entry #40), the Defendant argued that ". . . to the extent necessary, PISD reserves the right to defend itself against any fee application or award by invoking 20 U.S.C. § 1415(i)(3)(D)(i)." DEF. RESP. TO PL. MTN. FOR SUMMARY JUDGMENT, p. 47, ¶ 83. The section referenced by the Defendant pertains to the prohibition of an award of attorneys' fees when an offer of settlement is made ten days or more before the due process hearing, the offer is declined and the final relief obtained by the parents is not more favorable than the offer of settlement. The Defendant, however, failed to advise the court that it had made a timely offer of settlement. It was incumbent upon both parties to fully advise the court of all the facts so that the court could make an appropriate finding with respect to the issue of whether the Plaintiffs were prevailing parties.

to the Plaintiffs in the amount of $15,500.00 on September 13, 2007.² The settlement offer provided as follows:

> The District offers to provide the following in exchange for a full release of liability and a dismissal with prejudice of the pending special education due process hearing:
>
>> Reimbursement in the amount of fifteen thousand five-hundred dollars ($15,500.00) upon receipt of appropriate documentation of expenses for private educational services obtained since July 27, 2006, including but not limited to occupational therapy, speech therapy, in home training and/or services provided by the Wayman Learning Center.

DEF. RESP. TO PLS. MTN. FOR ATTY. FEES, Exh. A-1.

Since (1) the Defendant made an offer of settlement more than ten days prior to the due process hearing, (2) the Plaintiffs rejected the offer, and (3) the final relief obtained by the parents was not more favorable than the offer of settlement, the Defendant argues that the Plaintiffs are not prevailing parties and are prohibited from recovering their attorneys' fees and costs. Although the court finds that the Plaintiffs are prevailing parties, the court finds that the Plaintiffs are not entitled to recover their attorneys' fees and costs.

The Fifth Circuit recently addressed the issues that are currently before the court in *Gary G. v. El Paso Indep. Sch. Dist.*, ___ F.3d ___, 2011 WL 285230 (5th Cir. 2011). The Fifth Circuit structured the issues pending before it in *Gary G.* as follows:

> Also at issue are: whether a party who rejects a settlement offer and obtains from either an administrative hearing officer or the district court no more educational relief than that offered by the settlement is an IDEA "prevailing party" for attorney's fees purposes; and, even if so, whether that prevailing party, if offered all requested educational relief, but not attorney's fees, is not substantially justified in rejecting that offer or unreasonably protracts final resolution of the controversy, requiring part, or all, of the requested fees being denied.

---

²The due process hearing occurred on September 24 and 26, 2007 and October 25, 2007.

*Gary G.*, ___ F.3d ___, 2011 WL 285230, *3.[3] The Fifth Circuit, in great detail, explained that a party who rejects a settlement offer and later obtains from an administrative hearing officer or the district court no more educational benefit than what was offered is still a prevailing party. *Id*. at *4. Here, the Plaintiffs obtained an educational benefit in excess of the settlement offer from the administrative hearing officer. However, the Plaintiffs obtained less relief from this court than they would have from the settlement offer. According to the holding in *Gary G.*, the Plaintiffs are prevailing parties for IDEA purposes. *Id*. at *5. However, whether the Plaintiffs, as prevailing parties, are entitled to attorneys' fees is a separate question. *See id*.

"'A finding that a party is a prevailing party only makes him *eligible* to receive attorneys' fees under the IDEA; it does *not automatically entitle* him to recover the full amount that he spent on legal representation.'" *Id*. at *6, quoting *Jason D.W.*, 158 F.3d at 209 (emphasis added). Title 20 U.S.C. § 1415(i)(3)(D)(i) provides as follows:

> Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if – (I) the offer is made . . . in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins; (II) the offer is not accepted within 10 days; and (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i). Here, the offer of settlement was made more than ten days before the

---

[3]Although the parties fully briefed the issue of attorneys' fees prior to the release of *Gary G.*, neither party apprised the court of this Fifth Circuit opinion as soon as it was released. In fact, counsel for the Defendant herein was also counsel for the school district in *Gary G.* In *Gary G.*, the Fifth Circuit reprimanded the attorneys for wasting time, effort, and scarce financial and judicial resources. *Gary G.*, 2011 WL at *3. Here, the court encouraged the parties to reach an agreement regarding the Plaintiffs' reasonable and necessary attorneys' fees. The parties were unable to do so largely due to matters subsequently resolved by *Gary G.* The court has little time to dedicate to each case, much less to issues that should have been resolved by the parties without court intervention.

due process hearing. As such, "§ 1415(i)(3)(D)(i), with its possible fee-bar, is in play." *Gary G.*, ___ F.3d ___, 2011 WL 285230, *6.

The court next considers IDEA's exception to the fee-bar which provides as follows: "'Notwithstanding [§ 1415(i)(3)(D)(i)], an award of attorneys' fees . . . may be made to a parent who is the prevailing party and who was *substantially justified* in rejecting the settlement offer.'" *Id.* at *7, quoting 20 U.S.C. § 1415(i)(3)(E) (emphasis added). Here, as noted previously, the Plaintiffs obtained an educational benefit in excess of the settlement offer from the administrative hearing officer. However, the Plaintiffs obtained less relief from this court than they would have from the settlement offer. The issue before the court is whether the Plaintiffs were "substantially justified" in rejecting the offer. The Plaintiffs contend that because the Defendant failed to renew its offer of settlement or make a new offer of settlement during the time this case was pending before this court, they were substantially justified in rejecting the offer. Further, the Plaintiffs argue that because the administrative hearing officer awarded them an educational benefit in excess of the settlement offer, they were substantially justified in rejecting the offer.

The Plaintiffs' first argument lacks merit. The IDEA does not require the Defendant to renew its offer of settlement or make a new offer of settlement once the hearing officer's decision is appealed to a district court. The Plaintiffs do not cite any authority for this proposition and the court declines to adopt such a construction of the statute.

The Plaintiffs' second argument is equally unsuccessful. While the Plaintiffs did prevail at the administrative level, the relief ***finally*** obtained by the parents was not more favorable than the offer of settlement. The plain language of the statute provides that if the educational relief finally obtained by the parents was not more favorable than the offer of settlement, the fee-bar applies. The

Plaintiffs wholly failed to address the fee-bar issue. Nevertheless, the court finds that the fee-bar applies and the Plaintiffs' request to recover their attorneys' fees and costs subsequent to the time of the Defendant's settlement offer is denied. *See Richard R.*, 591 F.3d at 428.

Next, the court must determine whether the Plaintiffs are entitled to recover their attorneys' fees for work performed during and prior to the resolution meeting. *See id*. The IDEA specifically excludes resolution meetings from the scope of recoverable attorneys' fees. *See id*. at 429, citing 20 U.S.C. § 1415(i)(3)(D)(iii). With respect to attorneys' fees for work performed prior to the resolution meeting, the "IDEA states that a court shall reduce fees 'whenever the court finds that . . . the parent, or the parent's attorney . . . unreasonably protracted the final resolution of the controversy.'" *Id*., quoting 20 U.S.C. § 1415(i)(3)(F)(i). The court, then, must determine whether the Plaintiffs' rejection of the Defendant's settlement offer unreasonably protracted the final resolution of the controversy such that a further reduction in the fee award is warranted. *See id*. The court notes that the parties did not address this issue. The court, therefore, is left to speculate as to why the Plaintiffs rejected the Defendant's settlement offer. The court declines to do so and finds that the Plaintiffs' rejection of the Defendant's settlement offer unreasonably protracted the final resolution of this controversy. Based on the foregoing, the Plaintiff's memorandum regarding reimbursement of reasonable attorney's fees and costs (docket entry #53) is hereby **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 28th day of March, 2011.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE